STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-04-011

PAF-YK - 8/9/05

AUG 12 2005

MALCOLM BRADSHER CO., INC.,

Plaintiff

v.

ORDER
AND
DECISION

MICHAEL DEHEULLE and
LORRAINE DEHEULLE,

Defendants

In November of 2002 the parties entered into a contract where the plaintiff would provide a variety of excavation and construction services for the defendants regarding their property in York. The written agreement had a price of $40,000 but failed to include many of the mandatory contractual provisions required by Maine's home construction contracts statute found at 10 M.R.S.A. §§1486-et seq. It did list the price and contained a "general description of the work and the materials to be used", 10 M.R.S.A. §1487(6).

Problems developed reasonably quickly once work started. There were disputes regarding the extent of the work to be done, the quality of the work, the timeliness of the work, and the attentiveness of Malcolm Bradsher, who is the president of the plaintiff excavation and site work company. Disputes existed regarding change orders, when payments should be made and whether the plaintiff was doing a poor job or

whether the defendants were unduly demanding. In time the plaintiff was fired, some of the remaining work was done by another contractor, and this litigation began.

The plaintiff has filed a four-count complaint and the defendants have brought a five-count counterclaim. A non-jury hearing has been held. I have now reviewed the evidence twice on separate days.

The evidence in this case makes it very difficult to determine which side is correct and what the damages, if any, should be.

It is difficult to determine exactly what was agreed to initially. The site work proposal listed types of work and an estimated price but provided few details. The contract called for "Backfill, including underdrain." There was no indication of how much fill and of what type of material. There was to be "foundation excavation" but it became uncertain how much work was included. Likewise there was to be a gravel driveway but there were no details regarding its construction.

Mr. Deheulle sent a letter of May 8, 2003 to Malcolm Bradsher's foreman, which stated, "At the time I met with Malcolm, we agreed on a cubic yard amount of fill, which I believe was an allowance of 600 yards." This letter helped to clarify what the agreement was but did little to clarify the whole contract.

I cannot with sufficient certainty determine what the scope of the initial contract was. The evidentiary difficulties increase because there are claimed extras that the plaintiff alleges were agreed to and done but not paid for. No change order exists to substantiate this.

The proposal drafted by the plaintiff, which formed their contract, might be adequate in those cases where everyone gets along. It was completely inadequate in this case where disputes arose. The problems on this job demonstrate the wisdom of

2

the Maine legislature in requiring, for now nearly 20 years, that contracts be in writing with mandatory provisions. I am left with substantial uncertainty regarding what was agreed to and what work was done.

The plaintiff kept poor records. Additionally Mr. Bradsher's changes in his testimony between his deposition and his trial testimony cast additional doubt on the reliability of his recollection. One area that is particularly troubling involves the extent of clay that was improperly placed over the septic system. The testimony of Mr. Bradsher on this point was not credible.

Since the plaintiff has not adequately established what was agreed to, what was done or what is owed it has not met its burden of proving any of its claims by a preponderance of the evidence. None of its legal theories provide it with a viable claim. In examining the defendants' counterclaim I find many of the same problems. While the defendants did not draft the contract I am still unable to adequately determine what was required. There were changes made to the contract without proper documentation though the extent of the changes is unclear. Some work was done well, some work was done adequately, some work was done poorly and some work was left undone. It is not possible to determine, however, what was contractually required and match it against work done or not done. No damages can be awarded to the defendants.

It is correct that the home construction law's contractual requirements were not met, 10 M.R.S.A. §1487, and that such a violation constitutes "...prima facie evidence of a violation of the Unfair Trade Practices Act ...". 10 M.R.S.A. §1490(1). While attorney's fees are available, 5 M.R.S.A. §213(2), it would not be proper to award them here when no damages are otherwise awarded. See *Dudley v. Wyler*, 647 A.2d 90, 92 (Me. 1994).

The entries are:

Judgment for the defendants on the complaint.
Judgment for the plaintiff on the counterclaim.
No costs to any party.

Dated:        August 9, 2005

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
Patrick Bedard, Esq.
PO Box 366
Eliot Me 03903

DEFENDANTS:
Gregory Orso, Esq.
PO Box 545
York Me 03909

4